UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIJO PRIZMIC, on behalf of himself and all others similarly situated,

        Plaintiff,

- against -

ARMOUR, INC.; RAMIZ MRKULIC; AL PARVIZ,

        Defendants.

05 Civ. 2503 (DLI)(MDG)

**DECLARATION OF KARL J. STOECKER IN SUPPORT OF MOTION**

Karl J. Stoecker, being duly sworn, deposes and says:

1. I am counsel to Plaintiff in this action. I submit this declaration in support of Plaintiff's Motion for Notice to persons employed by defendants within the last three years that are "similarly situated" to the Plaintiff.

2. Annexed hereto as Exhibit A is a copy of the Complaint in this action.

I hereby affirm under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2006
      New York, New York

                                          _/s/ Karl Stoecker_____
                                          Karl J. Stoecker

Exhibit A

# EXHIBIT A

Case 1:05-cv-02503-DLI-MDG   Document 8-3   Filed 02/24/06   Page 2 of 13 PageID #: 38

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



ELIJO PRIZMIC,

              Plaintiff,

  - against -

ARMOUR, INC.; RAMIZ MRKULIC;
AL PARVIZ,

              Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

     Plaintiff, Elijo Prizmic, by his attorneys, the LAW OFFICES OF KARL J. STOECKER, for his complaint on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTORY STATEMENT

     1.  Plaintiff brings this action as a collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA or the "Act") on behalf of himself and all other current and former employees of the defendants who were not paid in accordance with the Act's ovrtime provisions. Like many of defendants' employees, plaintiff was required to work in excess of forty hours per week, but was not paid overtime compensation at the rate of one and a half of his regular rate of pay for each hour worked in excess of forty hours. By this action plaintiff seeks to

recover back pay on behalf of himself and similarly situated employees and to enjoin defendants from further violations of the FLSA.

2.  Plaintiff brings his claim under the New York State Labor Law on behalf of a class consisting of residents of New York State who are current or former employees of defendants who were not paid in accordance with the overtime provisions of the New York State Labor Law and regulations. Finally plaintiff brings his claim for fraud and misrepresentation against the defendants on his own behalf

## JURISDICTION AND VENUE

3.  This action arises under the Fair Labor Standards Act., 29 U.S.C.A. § 216, et seq. and the New York Labor Law § 160 and 12 NYCRRR § 142-2.2. This court has jurisdiction of the action pursuant to 29 U.S.C.A. § 216(b) and 28 U.S.C.A. § 1331. This Court has supplemental jurisdiction of plaintiff's claims under the New York State Labor Law and the common law pursuant to 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391(b) and (c).

## PARTIES

4.   Plaintiff is a resident of Queens, New York. he was employed as an asbestos installer by defendants from in or about October 1, 2004 through March of 2005.

5.   Defendant Armour is upon information and believe a New York corporation with its corporate headquarters and principal place of business located at 90-04 143rd Street, Jamaica, New York  11435.

6.   Upon information and belief defendant Armour is owned and controlled by defendants Mrkulic and Parviz, who are "employer[s]" within the meaning of 28 U.S.C. § 203(d), in that they acted "directly or indirectly in the interest" of Armour in relation to all of Armour's employees and at all relevant times possessed and exercised the authority to hire and fire employees, to supervise, direct and control their work, and to prescribe their work hours and rate of pay.

## SUBSTANTIVE ALLEGATIONS

7.   Armour is engaged in the business of installing insulation on construction projects in the tri-state area.

8.   Plaintiff and upon information and belief, his fellow insulation installers, routinely worked substantial amounts of overtime while employed by the

3

defendants, but were not paid time and a half of their regular rate of pay for all hours worked in excess of forty hours in a work-week.

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings his claim for violation of the overtime provisions of the New York State Labor Law as a class claim pursuant to Fed. R. Civ. P. 23(a), and (b)(3) on behalf of a Class consisting of residents of New York State who, at any time during the past six years, were employed by defendants and were not paid overtime for each hour worked in excess of forty hours per week.

10. The class is so numerous that the joinder of all members is impracticable. Plaintiff estimates that there are scores of Class members most of whom would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from defendants.

11. Plaintiff's claims under the New York State Labor Law are typical of all Class members' claims because, like all Class members, plaintiff was not paid appropriate amounts of overtime compensation.

12. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in the fields of labor law and

4

class litigation, and particularly wage and hour litigation. Plaintiff has no interest that is contrary to or in conflict with the Class.

13. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the Class is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

14. Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members because defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are whether defendants maintained a policy and practice of failing to pay overtime compensation and whether that violation was willful.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
(Violation of the Fair Labor Standards Act,
29 U.S.C. §207 *et seq.*)

18.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 15 above.

19.     The FLSA obligated defendants to pay plaintiff, and similarly situated employees, overtime compensation at one and one-half of plaintiff's regular rate of pay.

20.     Defendants violated the FLSA by failing to pay plaintiff, and similarly situated employees, at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

21.     Defendants knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the FLSA.

22.     As a result of the wrongful conduct alleged herein, plaintiff and similarly situated current and former employees of the defendants have suffered damages.

### SECOND CAUSE OF ACTION
(Violation of New York State Labor Law § 160
and 12 NYCRR § 142-2.2)

23.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 15 above.

24.     New York State Labor Law § 160 and 12 NYCRR § 142-2.2 obligated defendants to pay plaintiff, and

6

members of the Class, overtime compensation at the rate of one and one-half of their regular rate of pay.

25. Defendants violated New York State Labor Law § 160 and 12 NYCRR § 142-2.2 by failing to pay plaintiff and members of the Class at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

26. Defendants knew or willfully and/or recklessly disregarded that its conduct alleged herein violated New York State Law.

27. As a result of the wrongful conduct alleged herein, plaintiff and members of the Class have suffered damages.

**THIRD CAUSE OF ACTION**
(Claim Under New York Common Law for Fraud and Misrepresentation)

28. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 15 above.

29. Prior to his employment by defendants, plaintiff was employed as an installation installer by Branko Insulation Corporation ("Branko"), a secure position which offered prospects for advancement and increasing compensation.

30. In September of 2004, plaintiff had several meetings with defendants Mrkulic and Parviz at the Café

7

Valentino in Astoria, New York at which the later recruited plaintiff to work for defendant Armour.

31. During those September, 2004 meetings plaintiff advised defendants that he enjoyed secure employment at Branko and defendants acknowledged that.

32. During the course of those meetings defendants repeatedly promised plaintiff that if he left Branko and came to work for the defendants, they would not only pay him more than Branko, but, as an Armour employee, he would become a member of Local 12 of the International Association of Heat and Frost Insulators and Asbestos Workers ("Local 12") and thereby gain union benefits and job security, as well as additional opportunities for increased pay and advancement.

33. Defendant's knew and expected that plaintiff would rely on the foregoing representations.

34. Plaintiff terminated his employment with Branko and commenced employment with defendants in reliance on the foregoing representations.

35. Unbeknownst to plaintiff, defendants representations and promises regarding employment at Armour were false and misleading, in that at no time did they intend to engage plaintiff as an "on-the-books" employee

8

such that he would be eligible to become a member of Local 12.

36. Defendants knew, or should have known, that their representations to plaintiff regarding employment at Armour and membership in Local 12 were false and misleading.

37. The foregoing representations were knowingly and/or wantonly and recklessly undertaken by the defendant and were intended to cause, or should have reasonably been anticipated to cause, economic injury and mental suffering to plaintiff.

38. Plaintiff commenced the performance of insulation installation services for defendants on or about October 1, 2004. Contrary to defendant's representations, plaintiff was paid in cash, off-the-books, for these services and never became a member of Local 12.

39. Throughout the period of time he rendered services for the defendants, plaintiff inquired about his employment status and union membership, and on each such occasion he was told that he needed to wait two to four more weeks before he would become a union member.

40. Defendants terminated plaintiff's services on March 14, 2005

41. Plaintiff has been unable, since that time, to obtain employment, notwithstanding reasonable efforts.

42. As a direct and proximate result of the foregoing, plaintiff has been damaged by the loss of past and future income and benefits and has incurred expenses associated with seeking and developing new employment opportunities.

43. Additionally, as a result of defendant's actions, plaintiff has endured and continues to endure severe mental anguish and emotional pain, including loss of self esteem, opersonal dignity and career fulfillment, and continual uncertainty over his ability to provide for his family and meet various financial obligations.

WHEREFORE, plaintiff prays that the Court grant him and similarly situated employees the following relief:

   a. An award of their actual damages arising from defendants' violations of the FLSA's overtime provisions in an amount to be determined at trial;

   b. An award of Class members' actual damages arising from defendant's violations of the New York Labor Law's overtime provisions;

   c. An award of liquidated damages on plaintiffs' claims asserted under the FLSA;

   d. An order enjoining the defendant from engaging in the future in the wrongful practices alleged herein;

   e. An award of reasonable attorney's fees and the costs of this action; and

   f. Such other and further relief as this Court deems just and proper;

   g. on plaintiff's fraud claim, an award of damages in an amount to be determined at trial to compensate plaintiff for physical injury, mental anguish, humiliation, embarrassment, and emotional injury; an award of damages for loss of compensation and financial harm, including past and future lost salary, bonuses, commissions, and income, including all allocable fringe benefits in an amount to be determined at trial; and an award of punitive damages and the costs of this action, including attorney's fees and expenses to the fullest extent permitted by law.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims stated herein.

Dated: May 23, 2005
   New York, New York

        Respectfully submitted,

        LAW OFFICES OF KARL J. STOECKER

        By: _____
        Karl J. Stoecker (KS-6034)
        18 East 41st Street
        New York, New York 10017
        Telephone: (212) 818-0080