UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

ELIJO PRIZMIC, on behalf of himself
and all others similarly situated,

                  Plaintiffs,     <u>ORDER</u>

        - against -        05-CV-2503 (DLI)(MDG)

ARMOUR, INC., <u>et</u> <u>al.</u>,

                  Defendants.
- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiff Elijo Prizmic ("plaintiff") brings this action

against defendants Armour, Inc., Ramiz Mrkulic, and Al Parviz

("defendants") pursuant to section 216(b) of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq.</u>, as a putative

collective action by employees of defendants alleging that he and

others similarly situated have been denied overtime compensation,

as required by the FLSA.  Plaintiff moves to compel defendants to

provide the names and addresses of their current and former

employees who were not paid overtime and for permission to notify

them of the pendency of this action.[1]

    For the reasons set forth below, plaintiff's motion to

compel and for permission to send notice to potential class

members is denied without prejudice.

---

    [1] I note that the instant motion is within my pre-trial
authority to decide under 28 U.S.C. § 636(b)(1)(A).  <u>See</u> <u>Patton</u>
<u>v. Thomson Corp.</u>, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005)
(magistrate judge had authority to compel production of
information about putative class members and to permit notice of
collective action); <u>Mazur v. Olek Lejbzon & Co.</u>, No. 05 Civ.
2194, 2005 WL 3240472, at *2 n.1 (S.D.N.Y. Nov. 30, 2005).

<u>BACKGROUND</u>

In his unverified complaint, plaintiff alleges that he was employed as an asbestos installer by defendants, from October 2004 through March 2005. Complaint ("Comp.") at ¶ 4. Plaintiff further alleges that during his employment, plaintiff and his fellow insulation installers routinely worked more than forty hours per week but were not paid time and a half of their regular rate of pay for any hours worked in excess of forty hours per week. <u>Id.</u> at ¶ 8. Plaintiff has not submitted any affidavit or documentation in support of the instant motion.

At an initial conference held on July 28, 2005, the Court ordered that automatic disclosures be served by September 8, 2005 and that the parties informally exchange information before the next conference. <u>See</u> minute entry dated July 28, 2005. At a discovery conference held on October 19, 2005, the Court ordered that fact discovery be completed by April 12, 2006. <u>See</u> minute entry dated October 19, 2005. By letter dated December 23, 2005, plaintiff's counsel informed the Court that defendants had not responded to plaintiff's discovery requests. Ct. doc. 7. On January 4, 2006, the Court ordered defendants to provide the outstanding discovery responses by January 31, 2006. <u>See</u> minute entry dated January 4, 2006. At a conference held on June 8, 2006, the parties confirmed that defendant had provided the information sought. On February 24, 2006, plaintiff filed the instant motion. <u>See</u> ct. doc. 8.

<u>DISCUSSION</u>

Plaintiff moves to compel disclosure of the names and addresses of "[a]ll current and former employees of Armour, Inc., who were employed by the Company at any time during the past three years and were not paid overtime for each hour worked in excess of forty hours per week" and for court authorized notice informing those potential plaintiffs of the opportunity to "opt-in" to the present lawsuit. <u>See</u> ct. doc. 8-2 at 1, 6.

Section 216(b) of the FLSA provides:

> An action to recover . . . liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). It is well settled that district courts have the discretion whether to authorize the sending of notice to potential class members and direct an employer defendant to disclose the names and addresses of similarly situated potential plaintiffs in a collective action brought pursuant to section 216(b) of the FLSA. <u>Morales v. Plantworks, Inc.</u>, No. 05 Civ. 2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006); <u>Patton</u>, 364 F. Supp. 2d at 266; <u>Hoffmann v. Sbarro</u>, 982 F. Supp. 249, 262-63 (S.D.N.Y. 1997); <u>see also Hoffmann-La Roche v. Sperling</u>, 493 U.S. 165, 169 (1989).

The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are "similarly situated." <u>Morales</u>, 2006 WL 278154, at *1; <u>Levinson v. Primedia, Inc.</u>, No. 02 Civ.

2222, 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003); 29 U.S.C.
§ 216(b).  Although neither the FLSA nor its implementing
regulations define the term "similarly situated," in this
Circuit, "courts have held that plaintiffs can meet this burden
by making a modest factual showing sufficient to demonstrate that
they and potential plaintiffs together were victims of a common
policy or plan that violated the law."  Morales, 2006 WL 278154,
at *2 (quoting Hoffmann, 982 F. Supp. at 261); see Barfield v.
New York City Health and Hospitals Corp., No. 05 Civ. 6319, 2005
WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005); Levinson, 2003 WL
22533428, at *1.  At the initial stage, "the court examines the
pleadings and affidavits to determine whether the named
plaintiffs and putative class members are similarly situated."
Morales, 2006 WL 278154, at *1; Flores v. Osaka Health Spa, Inc.,
No. 05 Civ. 962, 2006 WL 695675, at *2 (S.D.N.Y. March 16, 2006);
see Masson v. Ecolab, Inc., No. 04 CV 4488, 2005 WL 2000133, at
*13 (S.D.N.Y. Aug. 17, 2005); Lee v. ABC Carpet & Home, No. 00
CIV. 984, 2006 WL 1408837, at *2 (S.D.N.Y. May 22, 2006) (court's
initial determination based on "pleadings and affidavits").  If
the court finds that they are similarly situated, it may
conditionally certify the class and authorize notice to be sent
to putative class members.  See Morales, 2006 WL 278154, at *1;
Lee, 2006 WL 1408837, at *2.  Only after discovery has been
completed should the Court engage in a second more heightened
stage of scrutiny to determine whether the class should be
decertified or the case should proceed to trial as a collective
action.  See Lee, 2006 WL 1408837, at *2; Masson, 2005 WL
2000123, at *14.

Although the plaintiff's burden at this initial stage is not onerous, "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home Quality Mgmt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000); see Lee, 2006 WL 1408837, at *2 (court's determination "based on pleadings and affidavits"); Masson, 2005 WL 2000133, at *13 (same); 7B Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 1807 (3d ed. 2005) ("Conclusory allegations are not sufficient. . . . courts requir[e] that there be some factual support and affidavits showing that the class members are 'similarly situated'"). A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations. See Flores, 2006 WL 695675, at *3; Morales, 2006 WL 278154, at *3. Absent such a showing, an employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." D'Anna v. M/A-Com, Inc., 903 F. Supp. 889, 893-94 (D. Md. 1995); see Smith v. Sovereign Bancorp, Inc., No. civ. A. 03-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003) (conditional certification based solely on allegations in complaint is "an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant to provide names and addresses of thousands of employees who would clearly be established as outside the class if the plaintiff were to conduct even minimal class-related discovery").

Here, plaintiff has not submitted any evidence by affidavit

or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law.  On the contrary, plaintiff makes only general allegations in his complaint that he and other installation installers were denied overtime compensation.  Denying in their answer that plaintiff was an employee of defendants within the meaning of the FLSA, defendants allege that plaintiff never performed insulation installation services for defendants and that plaintiff and other insulation installers never worked overtime without the proper compensation.  Answer at ¶¶ 4, 6, 8, 9, 38.  Defendants further allege that plaintiff was an independent contractor whose duties were limited to cleaning up debris and making deliveries.  Id. at ¶¶ 4, 19, 38.  Despite defendants' denials, plaintiff has not submitted any specific facts concerning his employment nor connecting his situation to others that he claims are similarly situated.  For example, plaintiff fails to describe or submit any documentation showing how he or anyone else employed by defendants were paid, what their job duties were or the hours they worked.  Nor has plaintiff identified a single potential plaintiff even though defendant apparently has provided the names of current and former employees.  Not only has plaintiff failed to provide the minimal requisite factual showing that he was in an employee-employer relationship with defendants and was denied overtime pay, he has not substantiated his allegation that the same was true of other potential plaintiffs.  Other than the allegation that plaintiff is an asbestos installer, there is no information that could distinguish this purported employment relationship from that of

any other employer.

Moreover, plaintiff does not consistently define the universe of similarly situated individuals. In his complaint, plaintiff alleges that only his fellow installation installers were denied overtime compensation. Yet, in the instant motion, plaintiff seeks to notify "all current and former employees of Armour, Inc." over the past three years who were not paid overtime. Ct. doc. 8-2 at 1. "Where the named plaintiff is unable to state clearly and specifically to whom it is that she contends she is similarly situated, it is not possible for the Court to conclude that a collective action certification is warranted." Flores, 2006 WL 695675, at *3.

Where "conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in." Federal Practice & Procedure, § 1807. However, plaintiff has not provided any facts for his claim that a class of similarly situated plaintiffs exist to warrant disclosure of the names and addresses of potential plaintiffs. See Diaz v. Elec. Boutique of America, No. 04-CV-0840E, 2005 WL 2654270, at *3-*5 (W.D.N.Y. Oct. 17, 2005) (denying conditional certification, notice to and discovery about potential class members where plaintiff did not make requisite factual showing); Barfield, 2005 WL 3098730, at *1 (denying conditional certification, discovery of names and addresses of potential opt-in plaintiffs and mailing of notice because plaintiff provided no evidence of policy to deprive nurses of overtime compensation); Hall, 2002 WL 413901, at *3 (denying

-7-

conditional certification, notice to potential plaintiffs and limited discovery of identifying information of similarly situated employees where plaintiff did not submit affidavits or even names of potential plaintiffs); see also Levinson, 2003 WL 22533428, at *2 (denying motion to circulate notice to potential plaintiffs where plaintiff failed to make factual showing that others were similarly situated).  Unlike two cases from the Southern District of New York where conditional certification was denied but the court nonetheless ordered defendants to produce identifying information of potential plaintiffs, here, plaintiff submitted no evidence whatsoever to substantiate his claims that a collective action is appropriate.  Cf. Flores, 2006 WL 695675, at *3 (plaintiff submitted affidavit in support of unopposed motion for discovery and approval of notice to putative plaintiffs); Morales, 2006 WL 278154, at *2 (plaintiffs submitted copies of payroll stubs supporting their claim that they were paid the regular rate for overtime).  While plaintiff may be correct that he was not given addresses of employees, he has made no effort to utilize the payroll information received to assist in determining whether conditional certification is appropriate. As this Court warned in an endorsed order filed on January 4, 2006, the parties "must proceed diligently."  Although plaintiff apparently has not, plaintiff's application is nonetheless denied without prejudice to a future "modest factual showing" that plaintiff and those similarly situated were victims of a common policy or plan that violated the FLSA.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion is denied

without prejudice.

**SO ORDERED.**


Dated:     Brooklyn, New York
           June 12, 2006

                                        /s/
                                        _____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE